# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEFINA BARROSO GUZMAN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 26-4935 |
| | : | |
| WARDEN SEAN SMITH, ACT FIELD | : | |
| OFF DIRECT JOHN R. RIFE, | : | |
| SECRETARY MARKWAYNE | : | |
| MULLIN, ACTING ATTORNEY GEN. | : | |
| TODD BLANCHE, U.S. | : | |
| DEPARTMETN OF HOMELAND | : | |
| SECURITY, EXECUTIVE OFFICE OF | : | |
| IMMIGRATION REVIEW | : | |

## ORDER

**AND NOW**, this 17th day of July 2026, upon considering an incarcerated woman's Petition for habeas corpus (ECF 1) seeking release from custody at the Moshannon Valley Processing Center after residing in the United States for over a decade and being detained after a separate release from state custody, Respondents' Notice and Response in Opposition (ECF 4) declining to meaningfully respond to the Petition and instead incorporating arguments advanced in earlier cases and repeatedly referring to Petitioner as "his," considering Respondents do not contest our jurisdiction despite transferring Petitioner from the Berks County Prison to the Moshannon Valley Processing Center after we directed her continued presence in this District, carefully considering the uncontested allegations regarding Petitioner's longstanding compliance with her immigration proceedings and substantial ties to this District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, mindful Respondents repeat the same arguments denied by us and our colleagues from several earlier similar petitions, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found facing similar fact patterns,[1]

Respondents detain Petitioner in violation of the Constitution and the laws of the United States and Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1.      Petitioner Josefina Barroso Guzman is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      Respondents shall **forthwith** release Petitioner Josefina Barroso Guzman from federal government custody including returning and releasing her outside the Berks County Prison so she can be with her children this evening and by no later than **5:00 PM EST** on **July 17, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **10:00 AM EST** on **July 20, 2026**;

3.      Respondents are temporarily enjoined from re-detaining Josefina Barroso Guzman until no earlier than **July 31, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Ms. Barroso Guzman with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.      Respondents cannot remove, transfer, or otherwise facilitate the removal of Ms. Barroso Guzman from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Ms. Barroso Guzman is

2

subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Ms. Barroso Guzman from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Ms. Barroso Guzman; and,

5.    The Clerk of Court **CLOSE** this case.

**KEARNEY, J.**

---

[1] The United States begins by acknowledging Ms. Barroso Guzman's Petition raises an issue we and our colleagues have not addressed in hundreds of earlier cases. ECF 4 at 1. It declines to brief the issue and advises it will file an actual opposition only if we request one. *Id.* at 1–2. The United States noted its appeals in two matters, now consolidated, are pending and our Court of Appeals heard argument on them on May 11, 2026. *Id.* at 3. The United States' abbreviated filing does not identify the earlier responses they purport to incorporate or respond to the verified allegations bearing on Ms. Barroso Guzman's detention. It instead offers a few conclusory sentences asserting Ms. Barroso Guzman remains an applicant "seeking admission" and requests denial. *Id.* at 2–3.

We nevertheless consider the legal position the United States has repeatedly advanced and reject it for the reasons explained in our earlier Orders and in the extensive decisions of our colleagues. *See e.g. Holguin Velez v. Jamison*, No. 26-1918, 2026 WL 893679, at *1 (E.D. Pa. Apr. 1, 2026) (Scott, J.); *Torres Jimenez v. McShane*, No. 26-1871, 2026 WL 811680, at *1 (E.D. Pa. Mar. 24, 2026) (Sánchez, J.) (collecting cases); *Teletor Jimenez v. Bondi*, No. 26-1698, 2026 WL 800952, at *2 (E.D. Pa. Mar. 20, 2026) (Hodge, J.); *Beridze v. Jamison*, No. 26-1611, 2026 WL 766171, at *2-5 (E.D. Pa. Mar. 18, 2026) (Rufe, J.); *Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2 & n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

The United States notes it is not currently making jurisdictional arguments as in earlier responses in other cases in the District. ECF 4 at 2 n.2. The United States refers us to our Court of Appeals' January 15, 2026 decision in *Khalil v. President, United States of America*, 164 F.4th 259 (3d Cir. 2026). In *Khalil*, our Court of Appeals considered whether the district court enjoyed jurisdiction over Mr. Khalil's immigration habeas petition. The court of appeals held the district court enjoyed jurisdiction over the habeas petition. The court of appeals then considered a second question; whether Congress through the Immigration and Nationality Act stripped the district court of subject matter jurisdiction over Mr. Khalil's challenge to removal proceedings under 8 U.S.C. § 1252(b)(9). *Id.* at 265, 273–74. Our Court of Appeals held Congress divested the district court of subject matter jurisdiction. *Id.* Since the *Khalil* decision, our colleagues have distinguished the facts in *Khalil*—where Mr. Khalil challenged both his removal and detention while removal proceedings pended, from cases where habeas petitioners challenge the legality of detention, concluding we have jurisdiction over habeas claims challenging the United States' authority to

detain without a bond hearing. *See Gagiev v. Rose*, No. 26-169, 2026 WL 657739, at *7 (E.D. Pa. Mar. 9, 2026) (Murphy, J.); *Hasanboy Olimov*, 2026 WL 596155, at *2 & n.6 (collecting cases). Ms. Barroso Guzman today challenges her detention without a bond hearing. We, like our colleagues, conclude we have jurisdiction over Ms. Barroso Guzman's petition.

[2] The United States provided us with a four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain them, including three categories of cases where the Department uses 8 U.S.C. § 1225(b)(2)(A) to detain them without a bond hearing. ECF 4 at 2 n.1. The United States agrees the Department detained Ms. Barroso Guzman under 8 U.S.C. § 1225(b)(2)(A) but does not describe which category Ms. Barroso Guzman's case falls into. *Id.* at 2–3. We, like our colleagues, find the *Q. Li* analysis does not compel detention under the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2) as argued by the United States. *See, e.g.*, *Cusi Chaisa v. Jamison*, No. 26-2560, 2026 WL 1195771, at *2–3 (E.D. Pa. May 1, 2026) (Hodge, J.); *Jorge-Peralta v. Jamison*, No. 26-1775, 2026 WL 1047057, at *2–4 (E.D. Pa. Apr. 17, 2026) (Costello, J.).

The United States does not contest the facts asserted Ms. Barroso Guzman's habeas petition. Ms. Barroso Guzman presented herself to immigration authorities at the Otay Mesa port of entry with her three children on June 25, 2014. ECF 1 ¶¶ 1, 22. She then resided in Reading, Pennsylvania for over twelve years, attended her required immigration hearings and appointments, pursued her asylum application and appeals, obtained employment authorization, and remained scheduled for a non-detained immigration hearing on November 3, 2026. *Id.* ¶¶ 2, 24–25.